**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**KIMBERLY C.,**
o/b/o **J.N.L., JR.,**

                 **Plaintiff,**    1:20-cv-1033 (GLS)

                 v.

**COMMISSIONER OF SOCIAL SECURITY,**

                 **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Olinsky Law Group                                HOWARD D. OLINSKY, ESQ.
250 South Clinton Street
Ste 210
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. CARLA B. FREEDMAN                           DANIEL STICE TARABELLI
United States Attorney                           Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Anatoly Shnaider
Regional Chief Counsel
Office of Regional Counsel, Region II
625 JFK Building
15 New Sudbury Street
Boston, MA 02203

**Gary L. Sharpe**
**Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Kimberly C. o/b/o J.N.L., Jr., challenges the Commissioner of Social Security's denial of Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Kimberly's arguments, the court affirms the Commissioner's decision and dismisses the complaint.

## II. Background

Kimberly applied for SSI benefits o/b/o J.N.L., Jr., on September 22, 2017, alleging a disability beginning August 1, 2010. (Tr.[1] at 70, 133-38.) When her application was denied, (Tr. at 71-76), she requested a hearing before an Administrative Law Judge (ALJ), (Tr. at 77), which was held on April 23, 2019, (Tr. at 42-59). On May 14, 2019, the ALJ issued a decision denying Kimberly's claim for SSI benefits, (Tr. at 8-27), which became the Commissioner's final determination upon the Appeals Council's denial of

---

[1] Page references preceded by "Tr." are to the administrative transcript. (Dkt. No. 15.)

review, (Tr. at 1-7).

Kimberly commenced the present action on September 3, 2020, by filing her complaint, wherein she seeks review of the Commissioner's determination. (Compl.) Thereafter, the Commissioner filed a certified copy of the administrative transcript. (Dkt. No. 15.) Each party filed a brief seeking judgment on the pleadings. (Dkt. Nos. 20, 21.)

### III. Contentions

Kimberly contends that "[t]he ALJ's RFC determination is unsupported by substantial evidence[2] as the ALJ failed to properly address the opinion evidence of record in accordance with the prevailing rules and regulations." (Dkt. No. 20 at 6-15.) Specifically, Kimberly claims that the ALJ erred by improperly evaluating the opinions of Dr. Mena Stramenga, Dr. Frank Salamone, NP Valerie Stanley, teacher Erica Gross, and Dr. J. Dambrocia. (*Id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (Dkt. No. 21 at 8-18.)

### IV. Facts

---

[2] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990) (internal quotation marks and citations omitted).

The court adopts the parties' factual recitations to the extent they are consistent with the statement of facts contained in the ALJ's decision and supported by the medical record. (Tr. at 14-23; Dkt. No. 20 at 1-6; Dkt. No. 21 at 1-7.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-*3 (N.D.N.Y. Mar. 19, 2008). Similarly, for a full discussion of the three-step analysis used by the Social Security Administration to determine whether individuals under the age of eighteen are disabled, the court refers the parties to its previous opinion in *Shatraw ex rel. K.C.Y., III, v. Astrue*, No. 7:11-cv-13, 2012 WL 589667, at *1 (N.D.N.Y. Feb. 22, 2012).

## VI. Discussion

### A. Medical Opinions

---

[3] The § 405(g) standard of review in disability insurance benefit proceedings brought under Title II of the Act also applies to SSI proceedings under Title XVI of the Act. *See* 42 U.S.C. § 1383(c)(3).

4

Kimberly contends that the ALJ failed to properly evaluate the opinions of Dr. Stramenga, Dr. Salamone, NP Stanley, Gross, and Dr. Dambrocia. (Dkt. No. 20 at 7-15.) Specifically, Kimberly contends that the ALJ failed to properly articulate how he considered the supportability and consistency factors, and because of this error, the ALJ's decision is not supported by substantial evidence. (*Id.*)

"An ALJ must articulate in his . . . determination how persuasive he . . . finds all of the medical opinions." *Daniel E. v. Kijakazi*, No. 6:20-CV-1270, 2022 WL 602533, at *4 (N.D.N.Y. Mar. 1, 2022) (citing 20 C.F.R. § 416.920c(b)). In doing this, an ALJ will consider the following factors: (1) "supportability"; (2) "consistency"; (3) "relationship with the claimant," which includes the "length of the treatment relationship," the "frequency of examinations," the "purpose" and "extent of the treatment relationship," and the "examining relationship"; (4) "specialization"; and (5) any "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 416.920c(a), (c); *see Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 7 (W.D.N.Y. 2021). An ALJ must "explain how [he] considered the supportability and consistency factors" in his decision and "may, but [is] not required to,

5

explain how [he] considered the [additional] factors." 20 C.F.R. § 416.920c(b)(2); *see Jacqueline*, 515 F. Supp. 3d at 8.  In explaining how he considered the supportability and consistency factors, an ALJ must "point[] to specific evidence in the record supporting those findings." *Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313, 2021 WL 706645, at *8 (N.D.N.Y. Feb. 22, 2021) (internal quotation marks and citation omitted); *see* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5,858 (Jan. 18, 2017), 2017 WL 168819 (stating that the articulation requirement of 20 C.F.R. § 416.920c is to "allow a subsequent reviewer or a reviewing court to trace the path of an [ALJ]'s reasoning").

    Dr. Stramenga opined that J.N.L. has "moderate to marked difficulties attending to, following and understanding age-appropriate directions, sustaining concentration and completing age-appropriate tasks" as well as "marked difficulties maintaining appropriate social behavior and responding to changes in his environment."  (Tr. at 353.)  The ALJ found Dr. Stramenga's opinion "not very persuasive."  (Tr. at 16.)  In doing so, the ALJ explained that support for Dr. Stramenga's opinion appeared to come from subjective complaints from Kimberly and J.N.L., who she

examined only once. (*Id.*) The ALJ also noted that Dr. Stramenga's opinion was not very persuasive given the treatment notes from Four Winds Hospital, where J.N.L. was admitted for a period of time, which indicated that J.N.L. "responded very well to treatment." (Tr. 15-16, 281.) Because the ALJ "point[ed] to specific evidence in the record," and this court was able to "trace the path of [his] reasoning," the ALJ's supportability and consistency analysis here satisfies 20 C.F.R. § 416.920c(b)(2). *See Gates v. Astrue*, 338 F. App'x 46, 49 (2d Cir. 2009) (finding that an ALJ "acted within his discretion in according [a] doctor[']s[] reports little weight" because the ALJ determined the doctor's "assessment was based on . . . [claimant's] subjective complaints")*; Raymond*, 2021 WL 706645, at *8; *see also* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5,858 (Jan. 18, 2017), 2017 WL 16881. Accordingly, the ALJ did not commit legal error and his evaluation of Dr. Stramenga's opinion is supported by substantial evidence.

Next, the ALJ found Dr. Salamone's opinion "not highly persuasive" (Tr. at 16.) Dr. Salamone opined that J.N.L., who he examined only once, was very difficult to engage, had an "extremely flat" affect, communicated

minimally, and was "one of the more verbally unproductive children" he had met. (Tr. at 402-03.) Immediately following his discussion addressing the supportability of Dr. Stramenga's opinion and finding it not persuasive because "it appear[ed] to be more reflective of the subjective statements/information," the ALJ articulated that Dr. Salamone's opinion is "not highly persuasive" "[f]or similar reasons." (Tr. at 16.) The ALJ also explained how he considered the consistency of Dr. Salamone's opinions by expressly stating that his "[o]bservations and findings" were not consistent with the other evidence, (Tr. at 16-17), including the opinion of Gross, which indicates that J.N.L. only has "[a] slight problem" in relating experiences and telling stories, but no problems in using appropriate language, taking turns in a conversation, and using adequate vocabulary and grammar when interacting with others. (Tr. at 202.) Accordingly, the ALJ's evaluation of the persuasiveness of Dr. Salamone's opinion is free form legal error because the court can "trace the path of [the ALJ's] reasoning" with respect to the supportability and consistency factors. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5,858 (Jan. 18, 2017), 2017 WL 16881.

NP Stanley opined that J.N.L. has marked limitations in the following

three domains of functioning: interacting and relating with others, caring for himself, and health and physical well-being.  (Tr. at 360-61.)  The ALJ found NP Stanley's opinion "unpersuasive" "in light of" Gross' opinion and other evidence in the record.  (Tr. at 17.)  The ALJ discussed the opinion of Gross, which indicated that J.N.L. only has  "[a] slight problem" with relating experiences and telling stories but no other issues in his ability to interact and relate with others.  (Tr. at 202.)  Gross  also opines that, regarding J.N.L.'s ability to care for himself, he has no problem other than "knowing when to ask for help."  (Tr. at 204.)  By pointing to specific evidence in the record, this court was again able to trace the ALJ's reasoning, which demonstrates that the ALJ did not err and that his determination is supported by substantial evidence.

      The ALJ deemed the opinion of Gross, J.N.L.'s teacher, to be "more persuasive" than Dr. Salamone's and NP Stanley's.  (Tr. at 17.)  While Kimberly argues that the ALJ failed to articulate how he considered the supportability and consistency factor's with respect to Gross' opinion, the ALJ was not required to do so.  *See* 20 C.F.R. § 416.920c(d).  Gross, as a

school teacher, is a nonmedical source,[4] and, under the regulations, the ALJ is not required to articulate how he considered evidence from nonmedical sources under the requirements set forth in 20 C.F.R. § 416.920c(b).[5]

Finally, regarding the opinion of state agency examiner Dr. Dambrocia, the ALJ found his opinion to be "generally persuasive." (Tr. at 17.) The ALJ adequately pointed to a multitude of evidence that supports Dr. Dambrocia's opinion that J.N.L. does not have marked limitations in two or more domains or an extreme limitation in one or more domain. (*Id*.) For example, a variety of school records and treatment notes, which document that J.N.L. displays progress in school with his current treatment plan. (Tr. at 388, 397-99.) The ALJ also noted, that Dr. Dambrocia had access to all of the medical evidence. (Tr. at 17.)

---

[4] A nonmedical source "includes, but is not limited to . . . educational personnel (for example, school teachers)." 20 C.F.R. § 416.902(j).

[5] Although not raised by Kimberly, the court notes that Gross' opinion is also signed by school social worker, Kendall Hardy. Assuming, arguendo, that Hardy is a medical source and her signature renders Gross' opinion a medical opinion, the ALJ nonetheless properly applied the relevant factors. The ALJ explained that Gross' opinion was consistent with the opinion of Dr. Dambrocia, which found J.N.L. did not have marked limitations in two or more domains. (Tr. at 17, 19, 66.) The ALJ further commented that Gross' opinion was based on her own observations from interacting with J.N.L. every day in school for the past three years. (Tr. at 17.) Accordingly, the ALJ did not err in his articulation of the persuasiveness given to Gross' opinion because he compared it to other medical evidence in the record and described the observational basis for her opinion. *See Raymond*, 2021 WL 706645, at *8.

Accordingly, the ALJ's did not err with respect to the persuasiveness accorded to Dr. Dambrocia.

The ALJ's determination was also supported by substantial evidence.  The ALJ determined that J.N.L. had no limitation, or less than a marked limitation in all six domains of functioning.  (Tr. at 14-15.)  For each domain, the ALJ articulated the evidence relied on in reaching his determination.  For example, in determining that J.N.L. has less than a marked limitation in acquiring and using information, the ALJ relied on J.N.L.'s teacher's assessment, which indicated he displayed only mild to moderate problems in this area, and Dr. Dambrocia's assessment, stating that J.N.L. did not have a marked limitation in this domain. (Tr. at 18-19, 66, 203.)  Further, in determining that J.N.L. had less than a marked limitation in interacting and relating to others, the ALJ relied on treatment notes from Four Winds, which indicated that J.N.L. had responded well to medication and therapy, and reports from his school which demonstrated that he does not display anger while at school, he is able to initiate conversations in small groups, works well with adults, has no difficulty making and keeping friends, and can follow rules.  (Tr. at 202, 246-48, 280.)  Accordingly, the ALJ's determination is supported by substantial

11

evidence. *See Gates*, 338 F. App'x. at 1 (2d. Cir. 2009) (affirming the ALJ's RFC determination where the ALJ explicitly relied on opinions and treatment notes from multiple medical sources, records of the claimant's abilities in school and at work).

**B.     Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision, as it is supported by substantial evidence and free from legal error.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED**, and the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Kimberly's motion for judgment on the pleadings (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 30, 2022
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge